# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRACY PINKNEY,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) **Civil Action No. 05-2347  (HHK)** |
| **v.** | )  **(ECF)** |
| | ) |
| **UNITED STATES OF AMERICA, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANTS' MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, TO TRANSFER VENUE

Federal defendants, the United States of America, the United States Department of

Justice, the Federal Bureau of Prisons ("BOP"), and the four individual BOP defendants named

in their official and personal capacities: Gerardo Maldonado, Former Warden of the United

States Penitentiary in Atlanta, Georgia (USP Atlanta); Richard Craig, Correctional Counselor at

USP Atlanta; Ronald James, Former Unit Manager at USP Atlanta; and Bruce Plumley, Former

Inmate System Manager at USP Atlanta,[1] by and through undersigned counsel, hereby

respectfully move, pursuant to Fed. R. Civ. P. 12 (b)(1), (2), (3), (4), and (6), for dismissal of this

action for lack of subject matter jurisdiction, in personam jurisdiction, improper venue,

insufficiency of process, and failure to state a claim upon which relief may be granted.[2]  In the

---

[1] Currently, the BOP employs Gerardo Maldonado as the South Central Regional
Director, Ronald James as a Community Corrections Center Manager, and Bruce Plumley as an
Administrative Remedy Specialist.

[2] Defendants Maldonado, Craig, James, and Plumley appear in their official capacities
only.  They have not been served personally so do not appear to be party in their personal
capacity, at this time and defendants should be deemed to preserve all defenses available to them,
including insufficiency of service of process and immunity from suit.

alternative, in the event that the Court determines not to dismiss this case, defendants move

pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §§ 1404(a), that the Court exercise its discretion

to transfer venue to the Northern District of Georgia, the judicial region where USP Atlanta is

located.

In support of this motion, the Court is respectfully referred to the accompanying

Memorandum of Points and Authorities and attachments thereto, and to the entire record in this

case.  A proposed Order consistent with the relief sought herein is attached.

Respectfully submitted,

___/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


___/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


___/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 307-1249
(202) 514-8780 (facsimile)

2

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRACY PINKNEY,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) **Civil Action No. 05-2347  (HHK)** |
| **v.** | ) **(ECF)** |
| | ) |
| **UNITED STATES OF AMERICA, et al.** | ) |
| | ) |
| **Defendants.** | ) |
|  | ) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER

Defendants hereby submit this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3), (b)(4), and 12(b)(6).

**I.    Introduction**

Plaintiff, *pro se* in this action, is federal inmate Tracy Pinkney, Register Number 12085-007, presently incarcerated at the Hazelton United States Penitentiary in Preston County, West Virginia. See Ex. A [SENTRY Public Information Inmate Data].  On December 2, 1997, the District of Columbia Superior Court sentenced plaintiff Tracy Pinkney to a life sentence for Assault with a Dangerous Weapon and Second Degree Murder.  Id.  Plaintiff was previously incarcerated at USP Atlanta.  Id.

**Factual Background**

Plaintiff filed this current action on December 8 ,2005 pursuant to Bivens.[3]  Plaintiff also

_____

[3]  Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

brings this action pursuant to the Federal Tort Claims Act (FTCA) for defendants' alleged deliberate indifference and negligence with respect to his personal property and legal materials. Plaintiff was transferred from USP Atlanta to the District of Columbia on a federal writ on September 7, 2004. See Ex. B [Admin. Tort Claim Response]. Plaintiff alleges on that date, before his departure, he arrived at the Receiving and Discharge (R&D) Department with his legal materials and was told by defendant Plumley (after reviewing plaintiff's Order from the Superior Court ) that Plumley did not have time to inventory plaintiff's belongings for the trip and that they would have to be mailed to him. Id. There was no information indicating that plaintiff reported to R&D with any personal property. Id. There is also no indication that plaintiff followed BOP procedure, specifically Program Statement 5580.06, Personal Property, Inmate, which requires prior approval from the Warden to transport legal materials. Id.

Plaintiff alleges that on September 15, 2004, defendant Richard Craig mistakenly mailed plaintiff's legal materials to the United States Attorney's Office for the District of Columbia instead of the District of Columbia Jail. See Compl. at 8-9. Plaintiff's attorney was notified of the mistake by the U.S. Attorney's Office and came and picked up two boxes. See Ex. B. The two boxes did not contain any items of personal property. Id. Plaintiff alleges that staff at the United States Attorney's Office opened his legal materials. See Compl. at 9.

On December 8, 2004, plaintiff returned to USP Atlanta and was given three boxes of legal materials received for plaintiff from the Federal Transportation Center (FTC) in Oklahoma City, Oklahoma. See Ex. B. While plaintiff was confined at FTC, the three boxes were placed in storage and plaintiff signed the Inmate Personal Property Record (BP-383) attesting to the accuracy of the inventory with no discrepancy noted. Id. Plaintiff also marked and indicated that there was no

2

individual item valued at more than $100.  Id.  On December 14, 2004, plaintiff was also issued 50

inches of legal materials by staff at USP Atlanta, which was received as an "incoming package" from

the "Airlift."  Id.  On that same date, plaintiff signed the BP-383 attesting to the accuracy of the

inventory with no discrepancy noted.  Id. On December 16, 2004, plaintiff went to R&D and was

told that there was no personal property there for him.  Id.  On December 17, 2004, plaintiff alleges

he got a pass and found no personal property in the property room.  Id.

On December 18, 2004, plaintiff filed an administrative tort claim, No. TRT-SER-2005-

01107.  See Ex. B.  In this claim, he indicated that personal items such as hygiene and hair products,

books, legal materials, clothing, and batteries, cigarettes, and radio/headphones were missing.  Id.

The BOP staff attempted to verify ownership through a review of commissary sales invoices.  Id.

Ten of the items were consumable.  Id.  Of the 34 non-consumable items, prior commissary sales

showed that plaintiff purchased 24 of these items in 2002.  Id.  Plaintiff did not provide the BOP

with proof that he owned or had in possession all of the alleged missing items.  Id.  Plaintiff was

offered a settlement in the amount of $98.25, which is the total value of one soap dish, one comb,

one towel, two pairs of boxer briefs, three pairs of tube socks, one thermal top, one pair shower

shoes, one sweat shirt, one pair sweat pants, one finger nail clipper, and four soft back books.  See

Ex. B.

Plaintiff now seeks $5,000 in damages for his missing personal property under the FTCA and

$30 million in damages for his Bivens claims.  See Compl. at 11.  In recent supplemental pleadings

and motion to correct the complaint, plaintiff now requests $40 million in damages for his alleged

Bivens claims and requests "*future damages* consisting of infringing pursuit to litigating my

constitutional violations on criminal conviction which condemned plaintiff to prison for life."  See

Docket No. 11 and 12.

## II.    Standard of Review

### A.    Requests for Dismissal

Defendants move for dismissal of plaintiff's complaint under Rule 12(b)(1), lack of subject matter jurisdiction, 12(b)(2), lack of personal jurisdiction, 12(b)(3), improper venue, 12(b)(4), insufficiency of process, and 12(b)(6), failure to state a claim.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996). A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999). In reviewing a motion to dismiss, whether on grounds of lack of jurisdiction over the subject matter or for failure to state a cause of action, all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the nonmoving party. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheuer v. Rhodes, 416 U.S. 232 (1974). The court need not, however, accept as true the plaintiffs legal conclusions. See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997). From the facts alleged in the complaint in this case, plaintiff can prove no set of facts that would entitle him to relief.

## III.  Argument

### A.    This Court Lacks In Personam Jurisdiction Over the Defendants.

Plaintiff has not shown that any of the individual BOP defendants named in this lawsuit are residents of the District of Columbia. Therefore, there is no in personam jurisdiction.

4

Because <u>Bivens</u> suits are brought against government officials in their individual, rather than official capacities, personal jurisdiction over the individual defendants is required to maintain a <u>Bivens</u> claim.  <u>See</u> <u>Robertson v. Merola</u>, 895 F. Supp. 1, 3 (D.D.C. 1995); <u>Deutsch v. U.S. Dept. of Justice</u>, 881 F. Supp. 49, 52 (D.D.C. 1995), <u>aff'd</u>, 93 F.3d 986 (D.C. Cir. 1996).

### a. **Plaintiff's Burden.**

It is the plaintiff who bears the burden of pleading the facts necessary to substantiate in personam jurisdiction in this Court.  <u>Kernan v. Kurz-Hastings, Inc</u>., 175 F.3d 236, 240 (2d Cir. 1999).  As explained by this Court in <u>Edmond v. U.S. Postal Service</u>, 727 F. Supp. 7, 10 (D. D.C. 1989), <u>aff'd in part and rev'd in part</u>, 949 F.2d 415 (D. C. Cir. 1991):

> A plaintiff in district court must plead essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court.  "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.  And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."  <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936).

Plaintiff has failed and cannot meet his burden to establish such necessary facts.  All individual defendants are moving for their dismissal from this lawsuit based upon lack of in personam jurisdiction, pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure.

### b. **D.C. Code §13-423, the "Long Arm" statute.**

*In personam* jurisdiction may be maintained by the United States District Court for the District of Columbia only if permitted by the "long arm" laws of the District of Columbia.  <u>Crane v. Carr</u>, 814 F. 2d 758, 762 (D.C. Cir. 1987).  The District of Columbia exercises personal

jurisdiction based upon the D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which states in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's--
>
>> (1) transacting any business in the District of Columbia;
>>
>> (2) contracting to supply services in the District of Columbia;
>>
>> (3) causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia;
>>
>> (4) causing tortuous injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>>
>> (5) having an interest in, using, or possessing real property in the District of Columbia;
>>
>> (6) contracting to insure or act as surety . . . ; or
>>
>> (7) marital or parent and child relationship. . . .
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

In the instant case, plaintiff's pleading does not establish proper *in personam* jurisdiction in the United States District Court for the District of Columbia under § 13-423. Crane at 762. The defendants are obviously outside the "long arm" of this statute. They have not transacted business in the District of Columbia, have not contracted to supply services in the District of Columbia, and have not caused any tortuous injury in the District of Columbia. *In personam* jurisdiction cannot be predicated on the provisions of the sections (a)(3) and (4) of the "long

6

arm" statute because the plaintiff does not and cannot claim that the federal employees at the federal prisons where he was housed outside the District caused him tortuous injury within the District of Columbia. The injuries about which the plaintiff complains occurred at USP Atlanta. Therefore, this Court lacks personal jurisdiction over them for activities taking place outside the District. See Farmer v. Moritsugu, 163 F.3d 610 (D.C. Cir. 1998) (local medical staff treating in BOP institutions outside D.C. not subject to personal jurisdiction); Meyer v. Federal Bureau of Prisons, 940 F. Supp. 9 (D. D.C. 1996) (No personal jurisdiction over Bureau of Prisons case manager working in Rochester, Minnesota, sued in D.C. in individual capacity by inmate based upon claimed inaccuracy of prison records).

### c. In Personam Jurisdiction Requires "Minimum Contacts."

In order for the District Court for the District of Columbia to have personal jurisdiction over a non-resident defendant, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the demands of due process. United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987). "Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, Mouzavires v. Baxter, 434 A.2d 988 (D.C. 1981) (en banc), cert. denied, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.' Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987)." Wiggins v. Equifax Inc., 853 F. Supp. 500 (D. D.C. 1994). "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal

jurisdiction.' [D.C. Code] § 13-423(b). <u>Bayles v. K-Mart Corp.</u>, 636 F. Supp. 852, 854 (D.D.C.

1986)." <u>Id.</u> at 502.

The burden is again on the plaintiff to establish that this Court can exercise personal

jurisdiction over defendants consistent with the Due Process Clause. <u>Blumenthal v. Drudge</u>, 992

F. Supp. 44, 53 (D. D.C. 1998); <u>GTE New Media Servs. Inc.</u>, 199 F.3d 1343, 1347 (D.C. Cir.

2000). Plaintiff in this case has wholly failed to allege such facts, and the allegations against all

these defendants do not establish "minimum contacts" necessary to confer personal jurisdiction

upon the District Court for the District of Columbia. The mere fact that some of the defendants

are employees of the Federal Bureau of Prisons and the Central Office of the agency happens to

be in Washington, D.C., is insufficient to establish the requisite "minimum contacts" with the

District of Columbia. <u>Cameron v. Thornburgh</u>, 983 F.2d 235, 256 (D.C. Cir. 1993); <u>see</u> <u>James v.

Reno, et al.</u>, No. 99-5081, 1999 WL 615084 (D.C. Cir. Jul. 2, 1999) (Inmate's security

classification and transfer request made in Texas; both federal prisons at issue located in Texas;

no injury suffered in the District of Columbia; mere fact that White and Snider are employees of

the Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with

District); <u>Meyer v. Reno</u>, 911 F. Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who

works at FCI Memphis, Tennessee and three Florida State Attorneys not alleged to conduct any

business or make any contracts for services and no injury alleged to have been suffered in the

District of Columbia, so court cannot exercise jurisdiction over them); <u>Dickson v. United States</u>,

831 F. Supp. 893, 897 (D.D.C. 1993) (concluding that plaintiff failed to allege minimum contacts

where he listed the District of Columbia mailing addresses at the CIA for defendants, but

presented no factual connection between the defendants' activities as individuals and the

District).

  The presence in the District of Columbia of the defendants must be "continuous and systematic" and relative to the claim to meet the "minimum contacts" requirement. International Shoe Co. v. Washington, 326 U.S. 310 (1945). In this case these non-resident defendants lack the requisite minimum contacts with the District of Columbia because the operative facts of any claim herein arose in Georgia. Therefore, defendants' motions to dismiss under Rule 12(b)(2) should be granted, and they should be dismissed from this suit.

  **B.**  **Plaintiff Has Not Perfected Service Against the Individual Federal Defendants**

  None of the individual defendants in this action were properly served with the complaint in accordance with the rules applicable to individual defendants. Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Id. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982);

See also Stafford v. Briggs, 444 U.S. 527 (1980).

In this case, plaintiff served the individual defendants at their place of employment. Service at the defendants place of employment is not proper service. Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action cannot proceed against them individually and all claims against the defendants should be dismissed.

The District Court will lack jurisdiction over the federal officials, until all of the provisions of Rule 4(i)(1) and (2) are met. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988); Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594 (1st Cir. 1982). It is the plaintiff in a civil action who has the burden of establishing the validity of service of process. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); Lensel Lopez v. Cordero, 659 F. Supp. 889, 890 (P.R. 1987). Therefore, if that cannot be demonstrated, this case should be dismissed based upon insufficiency of service of process under Rule 12(b)(5). Accordingly, claims against the individual defendants should be dismissed.

**C.    Bivens Liability Does Not Extend to the BOP or DOJ**

The complaint is unclear, but plaintiff appears to be bringing a Bivens claim against the BOP and the Department of Justice, in addition to the individual defendants. However, such a claim must be dismissed because plaintiff may not bring a Bivens action against the United States or one of its agencies. In Bivens, the Supreme Court inferred a cause of action for money damages against Federal Bureau of Narcotics officers directly from the Fourth Amendment, which the officers had allegedly violated under color of federal law. Bivens v. Six Unknown

10

Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 396-97 (1971). The Supreme Court, in FDIC v. Meyer, unanimously refused to extend Bivens to imply a cause of action directly against the United States or a federal agency. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994). The Court explained that the logic of Bivens did not support an action directly against the Federal Savings and Loan Insurance Corporation (FSLIC) because the Bivens decision was based partly on the fact that a direct action against the Government was not available. See id. at 485. In further support of its holding, the Court reasoned that implying a direct damages cause of action against federal agencies would undermine Bivens' purpose of deterring officers from committing future constitutional violations because plaintiffs would try to circumvent qualified immunity by suing federal agencies instead of the individual officers. See id. Finally, the Court expressed its hesitance to extend Bivens liability to FSLIC and other federal agencies considering the potentially enormous financial burden such a holding could impose on the federal government. See id. at 486.

Moreover, in deciding not to allow Bivens actions against private entities acting under color of federal law, the Supreme Court reaffirmed the above reasoning in Meyer and noted that inmates may not bring Bivens claims against the United States or the Bureau of Prisons. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 72 (2001); see also Drake v. F.A.A., 291 F.3d 59, 72 (D.C. Cir. 2002) (stating that it is "well-settled" that Bivens liability cannot be imposed on an agency of the federal government); Adeogba v. Migliaccio, 266 F. Supp. 2d 142, 145 n.2 (D.D.C. 2003) (concluding that a Bivens suit against the INS should be dismissed for lack of subject matter jurisdiction because sovereign immunity prevents Bivens actions against the United States and its agencies); Mac'Avoy v. Smithsonian Inst., 757 F. Supp. 60, 69 (D.D.C.

11

1991) (noting that the <u>Bivens</u> doctrine does not apply to lawsuits brought against the federal

government and are routinely dismissed for lack of subject matter jurisdiction).  Therefore,

plaintiff's <u>Bivens</u> claim against the BOP and the Department of Justice should be dismissed

under Rule 12(b)(1) for lack of jurisdiction.

### D.    Defendant Officials May Not Be Sued for Damages In Their Official Capacities

To the extent that plaintiff seeks damages against individual defendants in their official

capacities, his claims must be dismissed absent a waiver of sovereign immunity.  <u>Meyer v. Reno</u>,

911 F. Supp.11 (D.D.C. 1996); <u>Marshall v. Reno</u>,  915 F. Supp. 426 (D.D.C. 1996); <u>Deutsch v.</u>

<u>U.S. Dept. of Justice</u>, 881 F. Supp. 49, 55 (D.D.C. 1995).  The inherent sovereign immunity of

the United States protects it and its agencies [such as the BOP] from suit absent express waiver.

<u>See</u> <u>United States v. Nordic Village</u>, 503 U.S. 30 (1992).  Sovereign immunity also bars suits for

money damages against officials in their official capacities for nondiscretionary acts absent a

specific waiver by the government.  <u>Clark v. Library of Congress</u>, 750 F.2d 89, 101-02 (D.C. Cir.

1984).  Plaintiff's complaint does not contain any colorable basis for such a waiver.  Therefore, to

the extent plaintiff asserts claims for damages against the defendants in their official capacities

such claims must be dismissed for lack of subject matter jurisdiction.

### E.    Plaintiff Has Failed to State a Constitutional Claim Under <u>Bivens</u>

Plaintiff seeks an award of damages for deliberate indifference and negligence against the

BOP, Department of Justice, and the individual defendants.[4]  Compl. at 10-11.  However,

---

[4] Plaintiff states that he suing the individual defendants in their official and individual capacities.  However, plaintiff cannot sue the defendants in their official capacities for money damages directly under the Constitution.  <u>See</u> <u>Marshall v. Reno</u>, 915 F. Supp. 426, 434 (D.D.C. 1996) (noting that the doctrine of sovereign immunity bars constitutional claims for money

plaintiff has not articulated a cognizable individual capacity constitutional claim against the

defendants.  He fails to identify any constitutional provision or right that the defendants violated.

He alleges, at most, that defendants were negligent in maintaining his personal property at USP

Atlanta and sending his legal documents to the United States Attorney's Office.  However, mere

negligence by government actors causing unintended injury to life, liberty, or property does not

implicate the Constitution.  See Davidson v. Cannon, 474 U.S. 344, 347 (1986) (holding that

where a government official is merely negligent in causing injury, no procedure for compensation

is constitutionally required); Daniels v. Williams, 474 U.S. 327, 328 (1986) (explaining that the

Due Process Clause is simply not implicated by a negligent act of an official causing unintended

injury to life, liberty, and property); Committee of United States Citizens Living in Nicaragua v.

Reagan, 859 F.2d 929, 948 (D.C. Cir. 1988) (holding that mere negligence by government actors

can never constitute a Fifth Amendment violation); Ashford v. District of Columbia, 306 F.

Supp. 2d 8, 12 (D.D.C. 2004) (noting that the Due Process Clause is not implicated by a

negligent act of an official that causes unintended loss of or injury to life, liberty, or property.)

Because plaintiff has not established that he was deprived of a constitutionally protected right, he

has failed to state a Bivens claim.

**F.    Individual Defendants Are Entitled to Qualified Immunity**

The Bivens claims against the individual BOP defendants should also be dismissed

because they are entitled to qualified immunity.  Plaintiff is seeking monetary damages against

these defendants.  Qualified immunity, however, shields government officials from suit in

---

damages against the United States, federal agencies, and federal employees in their official
capacities); Dickson v. United States, 831 F. Supp. 893, 899 (D.D.C. 1993) (same).

performance of a discretionary function unless that official's conduct violated a clearly

established constitutional or statutory right of which a reasonable person would have known.

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is "an entitlement not to

stand trial or face the other burdens of litigation."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

The privilege is "an immunity from suit rather than a mere defense to liability; and like an

absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  Id.  The

D.C. Circuit, in Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998), explained:

> In short, "[a]n official is ... entitled to summary judgment [on qualified immunity
> grounds] unless '[t]he contours of the right [were] sufficiently clear that a
> reasonable official would [have] underst[ood] that what he [was] doing violate [d]
> that right.' "  Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991)
> (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987), aff'd 922 F.2d 443
> (8th Cir. 1990)).
>
> By "provid[ing] government officials with the ability reasonably to anticipate
> when their conduct may give rise to liability for damages,"  Anderson, 483 U.S. at
> 646, the doctrine of qualified immunity strikes a balance between compensating
> those injured by official conduct and protecting the Government's basic ability to
> function.  See Harlow, 457 U.S. at 813-14.  In other words, qualified immunity is
> designed to mitigate the social costs of exposing government officials to personal
> liability--costs such as "distraction of officials from their governmental duties,
> inhibition of discretionary action, and deterrence of able people from public
> service."  Id. at 816; see also Harris, 932 F.2d at 13.  To this end, qualified
> immunity provides not simply a defense to liability, but also "an entitlement not to
> stand trial or face the other burdens of litigation, conditioned on the resolution of
> the essentially legal question whether the conduct of which the plaintiff complains
> violated clearly established law."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

In determining whether a correctional official is entitled to qualified immunity from

personal liability for money damages, there is a two-step process that must be followed by a

federal court.  Saucier v. Katz, 121 S. Ct. 2151 (2001).  A court must always begin with this first

step:  "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged

14

show the officer's conduct violated a constitutional right?"  Id. at 2156.  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.  On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established."  Id.  Therefore, if the first portion of the two-pronged test is not met, as here, there is no constitutional violation, then the defendants are entitled to qualified immunity. See Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998) (no Eighth Amendment showing of deliberate indifference by BOP Medical Director; therefore, he was entitled to qualified immunity); Verdecia v. Adams, 327 F.3d 1171, 1177 (10th Cir. 2003) ("Because Verdecia cannot meet the first portion of the two-pronged test, the defendants are entitled to qualified immunity.").

G.    **Plaintiff Has Failed to State a Claim Under the FTCA**

It is unclear who the plaintiff is filing his FTCA claim against.  However, to the extent that he is filing the claim against the BOP, Department of Justice, or the individual defendants, the claim must be dismissed under Rule 12(b)(1) for lack of jurisdiction.  The FTCA is a limited waiver of sovereign immunity and Congress has provided only for suits against the United States. See 28 U.S.C. § 1346(b)(1); Scanwell Lab., Inc. v. Thomas, 521 F.2d 941, 947 (D.C. Cir. 1975); Richardson v. United States Dept. of Interior, 740 F. Supp. 15, 20 n.10, 26 (D.D.C. 1990). Agencies and individual government employees cannot be sued under the FTCA.  See 28 U.S.C. § 2679(a), (b)(1).

a.    **No Waiver of Sovereign Immunity**

The Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"), is the exclusive waiver of

sovereign immunity for any loss from the tortious actions of federal agencies or employees.  See 28 U.S.C. § 2679(b)(1); United States v. Smith, 499 U.S. 160, 165-69 (1991) (FTCA immunizes individual even where tort is excluded from waiver of sovereign immunity).  To the extent that plaintiff attempts to name defendants other than the United States in his FTCA claim, there is a limited waiver of sovereign immunity and Congress has provided only for suits against the United States.  See 28 U.S.C. § 1346(b)(1); Scanwell Lab., Inc. v. Thomas, 521 F.2d 941, 947 (D.C. Cir. 1975); Richardson v. United States Dept. of Interior, 740 F. Supp. 15, 20 n.10, 26 (D.D.C. 1990).  Agencies and individual government employees cannot be sued under the FTCA. See 28 U.S.C. § 2679(a)(b)(1).  Therefore, the Court should dismiss plaintiff's FTCA claims against all other defendants under Rule 12(b)(1) for lack of jurisdiction.

The FTCA expressly provides that any common law tort suit brought against federal employees must be treated as a suit against the United States once the Attorney General (or his delegate) certifies that the employees acted within the scope of their employment:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1) (emphasis added).  In this case, defendants filed such a certification for the individual defendants contemporaneously with this motion to dismiss.  Therefore, the individual defendants are entitled to immunity under Section 2679.  See United States v. Smith, 499 U.S. 160, 162-63 (1991); Brown v. Armstrong, 949 F.2d 1007, 1010 (8th Cir. 1991).  In the place of the individual defendants, the United States is substituted as the exclusive defendant for

all common law tort claims such as plaintiff's and the case against the individual defendants is

dismissed.  See also Sami v. United States, 617 F.2d 755, 768 (D.C. Cir. 1979) (federal

employees immune from defamation suit when acting "within the ambit of discretion"); Trifax v.

District of Columbia, 53 F. Supp. 2d 20 (D.D.C. 1999) ("acting within the outer perimeter of the

duties"), aff d, 314 F.3d 641 (D.C. Cir. 2003).

Automatic dismissal of the case against the individual defendants is fully consistent with

the exclusivity of the tort remedies provided by the Federal Tort Claims Act, per 28 U.S.C.

§ 2679(b)(1). The FTCA pre-empts any tort actions directly based on the common law or state

law, including D.C. law, against the United States, its agencies, or employees.  See Expeditions

Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institution, No. 74-1899, (D.C. Cir., June 28,

1976), reprinted in 566 F.2d 289 App. A-1, at 295-99; Kline v. Republic of El Salvador, 603 F.

Supp. 1313, 1316 (D.D.C. 1985).

Additionally, the FTCA does not allow suits to be brought against government agencies

like the BOP, UNICOR, Inc., or federal agency employees acting within the scope of their

official duties. 28 U.S.C. § 2679(a).  See Vanover v. Hantman, 77 F. Supp. 2d 91, 97 (D.D.C.

1999), aff'd. 38 Fed.Appx. 4 (D.C. Cir. Apr 17, 2002) ("Section 2679 gives federal employees

absolute immunity from tort liability for acts done in the scope of their employment."); Cox v.

Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990) (suit against the Secretary of Labor rather

than the government itself must be dismissed for lack of subject matter jurisdiction) (citing

numerous cases); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a

federal agency or employer as opposed to the United States itself must be dismissed for want of

jurisdiction"); Stewart v. United States, 655 F.2d 741, 742 (7th Cir. 1981); Hagmeyer v.

17

<u>Department of Treasury</u>, 647 F. Supp. 1300, 1304-05 (D.D.C. 1986) (dismissing FTCA claim against the Department of Treasury).  Only the United States is subject to suit under this statute.  Accordingly, plaintiffs constitutional tort claims against the BOP and the individually-named defendants in their official capacity should be dismissed.

Finally, even if plaintiff had a valid FTCA claim against defendants, a cause of action for defamation is expressly exempted from the FTCA.  <u>See</u> 28 U.S.C. § 2680(h) (listing libel and slander as an exception).  Section 28 U.S.C. § 2680(h) refers specifically to "slander" and "libel."  Plaintiff in this action alleges defamation.  However, defamation is simply a broader term for slander and libel.  <u>Prins v. International Telephone and Telegraph Corp.</u>, 757 F. Supp. 87, 90 (D.D.C. 1991); Restatement (Second) of Torts § 568.

### H.    Amount of Suit Under FTCA Cannot Exceed Amount Claimed Administratively

In an FTCA lawsuit, a plaintiff may not seek damages greater than the amount of damages claimed in the underlying administrative claim unless the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency or based on proof of intervening facts affecting the amount of the claim.  <u>See</u> 28 U.S.C. § 2675(b); <u>Hoehn v. United States</u>, 217 F. Supp. 2d 39, 50 (D.D.C. 2002); <u>Stokes v. United States Postal Service</u>, 937 F. Supp. 11, 16-17 (D.D.C. 1996).  The burden is on the plaintiff to establish that these special circumstances exist.  <u>See</u> <u>Stokes</u>, 937 F. Supp. at 17.  In this case, plaintiff filed an administrative claim under the FTCA for $1,239.65 regarding his legal documents and alleged missing personal property.  <u>See</u> Ex. B.  However, in this lawsuit, plaintiff is seeking $5,000 in damages for his tort claim.  (Compl. at 10-11.)  Plaintiff has not asserted any

18

newly discovered evidence not reasonably discoverable at the time he filed his administrative

claims and he has alleged no intervening facts sufficient to allow him to amend his claim.

Therefore, even if plaintiff could recover in this action, his damages would be limited to no more

than $1,239.65, the total amount sought in his administrative claim.

### I.       The Case Must Be Dismissed or Transferred for Improper Venue

In contrast to an official capacity claim against a federal employee, which seeks relief

from the United States, an individual-capacity claim against a federal employee seeks recovery

from the personal financial assets of the employee.  Hafer v. Melo, 502 U.S. 21, 25 (1991).

Venue for plaintiff's Bivens claims is governed by the provisions of 28 U.S.C. §1391(b),

which provides in applicable part:

> (b)       A civil action wherein jurisdiction is not founded solely on diversity of
> citizenship may, except as otherwise provided by law, be brought only in (1) a
> judicial district where any defendant resides, if all defendants reside in the same
> State, (2) a judicial district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property that is the
> subject of the action is situated, or (3) a judicial district in which any defendant
> may be found, if there is no district in which the action may otherwise be brought.

In Stafford v. Briggs, 444 U.S. 527, 542 (1979), the Supreme Court stated that this provision,

rather than the more permissive venue provisions of 28 U.S.C. §1391(e), are applicable in Bivens

actions:

> What emerges is that the bill's author, the Committees, and the Congress intended
> nothing more than to provide nationwide venue for the convenience of individual
> plaintiffs in actions which are nominally against an individual officer but are in
> reality against the Government.  A suit for money damages which must be paid
> out of the pocket of the private individual who happens to be--or formerly was--
> employed by the Federal Government plainly is not one "essentially against the
> United States," and thus is not encompassed by the venue provisions of Section
> 1391(e).

Noting that Congress did not intend to require "those serving their Government the burden of defending personal damages actions in a variety of distant districts. . . ," Id., 444 U.S. at 545, the Court found that these federal officers should be treated like others who are sued for personal damages, and the provisions of 28 U.S.C. §1391(b) should govern.

Plaintiff has provided no evidence that any of the federal defendants reside in the District of Columbia, none of the events giving rise to the claim occurred within the District of Columbia, and plaintiff does not reside in the District, therefore, venue is improper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and Meyer v. Reno, et al., 911 F. Supp. 11, 15 (D.D.C. 1996). Plaintiff's complaint involves allegations related to his legal materials that took place in Georgia, not in the District of Columbia. This case should therefore be dismissed under Rule 12(b)(3), Federal Rules of Civil Procedure.

To the extent that any portion of this case might withstand the PLRA dismissal arguments made below, it is inappropriately brought in the United States District Court for the District of Columbia. This is an individual claim that involves factual issues arising in the Northern District of Georgia. Nevertheless, 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

The United States Court of Appeals for the District of Columbia has held that cases such as this one should <u>not</u> be heard in the District of Columbia, but should instead be transferred to the judicial district where the prisoner is incarcerated, pursuant to § 1404(a). ". . . [M]any, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration

appropriate." Starnes v. McGuire, 512 F.2d 918, 926 (D.C. Cir. 1974) (en banc). The Court of Appeals recognized that even if venue is technically appropriate, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." Id. at 925. Rather, where the records, witnesses, and counsel for the case are located near the prison and there is no issue of national importance raised by the complaint, "transfer of the complaint to the district of the plaintiff's incarceration is indicated." Id. at 933; see also Lincoln v. Bureau of Prisons, Civ. No. 96-2325, at 2 (D.D.C. May 2, 1997) ("[t]his Circuit discourages 'carpetbagging' by prisoners who incarcerated elsewhere.")

The D.C. Circuit in Starnes set out a number of factors for a district court to use in deciding whether to transfer a civil case brought by a prisoner incarcerated outside the District of Columbia. Those factors are: (1) the prisoner's difficulty of communication with counsel; (2) the difficulty of transferring the prisoner; (3) the availability of witnesses and files; (4) the speed of final resolution; and (5) whether the case involves issues of national policy that require the testimony of high-level administrators located in Washington, D.C. Starnes, 512 F.2d at 929-33.

In this case, these factors strongly support the appropriateness of transfer. This is a *pro se* case so communication with counsel is not an issue. The majority of witnesses and records that would be involved in litigating plaintiff's claims are all at USP Atlanta, Georgia. There is no national policy challenge. Problems associated with moving an inmate for hearings are minimal, now that the PLRA provides for telephonic pre-trial hearings "to the extent practicable." See 42 U.S.C. 1997e(f). To the extent it survives dismissal under the PLRA as discussed below, this case should be transferred to the Northern District of Georgia, where plaintiff was housed when the matters giving rise to this complaint took place. It is there that most of the witnesses and

21

documents involved are located, and where jurisdiction and venue can be readily achieved. Nevertheless, defendants urge that dismissal, not transfer, is appropriate.  Compare Simpkins v. District of Columbia, 108 F.3d 366 (D.C. Cir. 1997) (appropriate to dismiss in substantial Bivens actions rather than transfer).

With regard to plaintiff's claims under the FTCA, these claims should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.  Under 28 U.S.C. § 1402(b), venue for any FTCA claim lies only in the judicial district where the plaintiff resides or where the cause of action arose.  See 28 U.S.C. § 1402(b); Bryant v. Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987); Bartel v. F.A.A., 617 F. Supp. 190, 198 (D.D.C. 1985).  A tort claim arises under the FTCA at the place where the alleged negligent acts occurred.  See Beattie v. United States, 592 F. Supp. 780, 784 (D.D.C.), aff'd, 756 F.2d 91 (D.C. Cir. 1984).

As stated above, plaintiff currently resides in West Virginia at USP Hazelton, not in the District of Columbia.  Moreover, the alleged negligent acts in this case, losing plaintiff's personal property and mailing his legal property to the wrong address, occurred at USP Atlanta, which is within the jurisdiction of the United States District Court for the Northern District of Georgia, not the District of Columbia.  Therefore, venue for plaintiff's FTCA claim does not lie in the United States District Court for the District of Columbia and should be dismissed under Rule 12(b)(3).

## **CONCLUSION**

_____For all of the foregoing reasons, this action should be dismissed.  If it is not dismissed, it should be transferred to the Northern District of Georgia pursuant to 28 U.S.C. §1404(a).

22

Respectfully submitted,


___/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


___/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


___/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 307-1249; (202) 514-8780 (facsimile)

23

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on the 10th day of March, 2006, I caused service of the

foregoing to be made on the *pro se* plaintiff:

Tracy Pinkney
#R12085-007
Hazelton USP
P.O. Box 2000
Bruceton Mills, WV 26525

                                ____/s/_____
                                  JOHN F. HENAULT, D.C. Bar # 472590
                                  Assistant United States Attorney