

**U.S. Department of Justice**
Federal Bureau of Prisons

*Southeast Region*

Building 2000
3800 Camp Creek Parkway, SW
Atlanta, Georgia 30331-6226

**RETURN RECEIPT**
**7005 0390 0005 2675 2654**

Tracey Pinkney
Reg. No. 12085-007
USP Hazelton
P.O. Box 450
Bruceton Mills, WV 26525

**RE:   Administrative Tort Claim #TRT-SER-2005-01107**

Dear Claimant:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act (FTCA), Title 28 United States Code (U.S.C.) 2672 et seq., and the authority granted by Title 28 Code of Federal Regulations (C.F.R.) 0.172. Section 2672 of the FTCA delegates to each federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

You claim the amount of $1,239.65 as compensation for alleged personal property damage/loss. Specifically, you contend staff at the United States Penitentiary (USP) in Atlanta, Georgia, failed to return your personal property following your return to that facility from WRIT on December 8, 2004. You also contend USP Atlanta staff did not allow you to take your legal materials with you on WRIT as the Order from the Superior Court of the District of Columbia granted. Instead, you state your legal materials were mailed to the prosecuting attorney who later informed your attorney of the whereabouts of your legal materials. You included a handwritten list of numerous personal property items you allege are missing and a copy of the above Order, as proof to substantiate your claim.

The investigation of your claim reveals, on September 7, 2004, you were released from USP Atlanta for purposes of a WRIT. No information was located indicating you reported to the Receiving and Discharge (R&D) Department with any personal property. However, the investigation of your claim does reveal, on September 15, 2004, two boxes were shipped to the United States Attorney's office in Washington, D.C. After determining the boxes contained legal materials belonging to you, staff in that office contacted your attorney and informed him where he could pick up the boxes. It was also determined the two boxes contained no items of personal property. Staff in the United States Attorney's office also contacted the presiding Judge in your case and informed him of the incident and he indicated there was no malicious intent in sending the legal materials to that office.

The investigation information further indicates, following your return to USP Atlanta on December 7, 2004, three boxes of legal materials were returned to you. The three boxes of legal



PINKNEY, Tracey - Reg. No. 12085-007
TRT-SER-2005-01107
Page 2

materials were received for you at USP Atlanta in transfer from the Federal Transportation Center (FTC) in Oklahoma City, Oklahoma. It is noted that while you were confined at FTC Oklahoma, three boxes were placed in storage for you and at that time you signed the Inmate Personal Property Record (BP-383) attesting to the accuracy of the inventory with no discrepancies noted. At that time you also marked and initialed the box in Section 8 of this form, indicating there was no individual item valued more than $100. On December 14, 2004, you were also issued approximately 50" of legal materials by staff at USP Atlanta, which were received as an "incoming package" from the "Airlift." On that same date, you signed the BP-383 attesting to the accuracy of the information and you also marked and initialed the box in Section 8 of the BP-383 form indicating there was no individual item more than $100.

Although it appears you were not allowed to carry your legal materials with you at the time you left USP Atlanta on September 7, 2004, the above information indicates you received all the legal materials staff at USP Atlanta had in their possession on that date, in addition to legal materials you accumulated while out on WRIT. Further, there is no information indicating you followed Program Statement 5580.06, Personal Property, Inmate, which states only the Warden can authorize inmates to transport legal materials determined necessary by appropriate staff. This request is normally submitted to the Unit Team and then routed to the Warden for his/her approval. If approval is granted, the Unit Team generates a memorandum to be given to the inmate, to present to inmate movement personnel when departing the institution. Therefore, even though you provided a copy of an Order stating you had permission to carry your legal materials with you at the time of your departure from USP Atlanta, there is no, nor did you provide any, information indicating you followed the Bureau of Prisons' established policy when legal materials are to be transported with the inmate. Based on the above, you are not entitled to compensation for alleged missing legal materials nor have you provided proof to substantiate a value for alleged missing legal materials or that staff at USP Atlanta caused you to suffer a loss related to handling of your legal materials on September 7, 2004.

In regards to your allegation staff failed to return your personal property upon your return to USP Atlanta from WRIT, the investigation reveals you did not provide any proof you had the alleged missing items in your possession at the time you delivered your personal property to staff in R&D on September 7, 2004. Even though you failed to provide proof of ownership for the alleged missing items, staff attempted to verify your ownership through a review of prior commissary sales invoices. This review reveals ten of the items you claim as missing were consumable items; in which case there is no way to prove you did not consume or dispose of these items prior to September 7, 2004. Of the 34 non-consumable items you claim, prior commissary sales invoices show you purchased 24 of these items in 2002. Yet, you did not offer proof you had these items in your possession on within one year of September 7, 2004.

Although you failed to provide any proof you owned or had in your possession all of the alleged missing items, staff took into consideration no information could be located showing personal property was inventoried for you on or around September 7, 2004. Therefore, excluding the consumable items, you are being offered a settlement in the amount of **$98.25**, which is the total depreciated value of one soap dish, one comb, one towel, two pairs of boxer briefs, three pairs of tube

PINKNEY, Tracey - Reg. No. 12085-007
TRT-SER-2005-01107
Page 3

socks, one thermal top, one pair of shower shoes, one sweat shirt, one pair of sweat pants, one finger nail clipper, and four soft back books.

If you decide to accept our offer of $98.25, please sign the enclosed voucher for payment and return it to this office in the enclosed envelope. If you do not wish to accept our offer, you should accept this letter as a denial of your claim.

If you are not satisfied with this determination, you may file suit in the appropriate United States District Court not later than six (6) months after the date of mailing of this notification.

Sincerely,

Lisa M. Sunderman
Regional Counsel

7/18/05
Date

cc: Warden, USP ATL
    ATTN: FTCA Coordinator/CLC Leader

SF_95 (Face)        TRT-SER-2005-01107

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |

1. Submit To Appropriate Federal Agency:
SHETTEE STURGIS, REGIONAL COUNSEL
BUREAU OF PRISONS
SOUTHEAST REGIONAL OFFICE
3800 CAMP CREEK PARKWAY, SW Building 2000
ATLANTA, GA 30331-6226

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and ZIP Code)
TRACY PINKNEY #12085007
601 McDONOUGH BLVD
ATLANTA, GA 30315

3. TYPE OF EMPLOYMENT: ☐ MILITARY ☒ CIVILIAN
4. DATE OF BIRTH: 7-28-62
5. MARITAL STATUS: SINGLE
6. DATE AND DAY OF ACCIDENT: 9-7-04
7. TIME (A.M. OR P.M.): 8:00 AM

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

SEE ATTACHED

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and ZIP Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on the reverse side.)

SEE ATTACHED

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

N/A

RECEIVED DEC 23 2004 COUNSEL'S OFFICE BUREAU OF PRISONS

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and ZIP Code) |
|---|---|
| ISM Mr PLUMBLY | 601 McDonough Blvd Atlanta GA 30315 |
| OFFICER QUINONES | 601 McDonough Blvd Atlanta GA 30315 |
| OFFICER EDGE | 601 McDonough Blvd Atlanta GA 30315 |
| COUNSEL R. CRAIG | 601 McDonough Blvd Atlanta GA 30315 |
| INMATE MARVIN WRIGHT | 601 McDonough Blvd Atlanta GA 30315 |
| INMATE LITTLE CARLTON | 601 McDonough Blvd Atlanta GA 30315 |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| 1,239.65 | N/A | N/A | 1,239.65 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Tracy Pinkney | 13b. Phone Number of signatory N/A | 14. DATE OF CLAIM 12-18-04 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

(This form may be replicated via WP)

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

SF 95 (Back)

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. **Authority:** The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. **Principal Purpose:** The information is to be used in evaluating claims.

C. **Routine Use:** See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. **Effect of Failure to Respond:** Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items - Insert the work NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

---

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch  
Civil Division  
U.S. Department of Justice  
Washington, DC  20530

and to the  
Office of Management and Budget  
Paperwork Reduction Project (1105-0008)  
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes, if yes, give the name and address of insurance company (Number, street, city, State, and ZIP Code) and policy number.   ☒ No

N/A

**16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?**

N/A

**17. If deductible, state amount**

N/A

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)**

N/A

**19. Do you carry public liability and property damage insurance?** ☐ Yes, if yes, give name and address of insurance carrier (Number, street, city, State, and ZIP Code)   ☒ No

N/A

SF 95 (Rev. 7-85) BACK

TRT-s-2005-01107.

## BASIS OF CLAIM

On September 7, 2004 at 7:00 AM I was told to pick my property because I was being transferred back to the District of Columbia on a writ. At 8:00 AM I arrived at R&D with my property in which inmate Marvin Wright and Lurrie Carlton helped me carry all my property. Once we got on there Mr Plumbly was there and I explained that the judge issued an court order stating that my legal materials be permitted to be brought back with me / or the appropriate arrangements be made for those materials to be transported with me or sent to me in care of the Warden of the D.C. Jail (see order) At this time Mr Plumbly's response was I don't have time to pick your property for transport So I explained that my property hasn't been inventoried then Mr Plumbly stated nothing is going to happen to your property "I got it." Now approximately seven to ten days my legal materials was mailed to the United States Attorney's office who prosecuted my case, my attorney was informed of this matter and stated that my legal materials was sent there by my counselor R. Craig which he ERRORED Now lets keep in mind my personal property never left this institution nor should have been sent anywere.

On December 8, 2004. I returned from off the writ to this institution, Now from the 8th until this current date I've been trying to recieve my

property. On December 16, 2004 I went to R&D and spoke to property officer Quinones regarding my personal property. Officer Quinones told me after searching the property room that the only property that he has is (3) three boxes of legal materials that was transported back with me from my writ but I don't have any personal property here for you. On December 17, 2004 I got a pass to check to see if SHU property officer Edge had my personal property in the SHU property room. Officer Edge told me its nothing in SHU storage with the name TRACY PINKNEY.

# DESCRIBE OF PROPERTY

| | | |
|---|---|---|
| 20 | Irish Spring Soap | $16.00 |
| 2 | Soap Dishes | 1.30 |
| 1 | Neutrogena Soap | 3.45 |
| 4 | Next 1 Lotion | 7.60 |
| 4 | Next 1 Shampoo | 7.60 |
| 1 | Shower to Shower | 1.95 |
| 4 | Crest Toothpaste | 11.00 |
| 1 | Toothbrush Holder | .45 |
| 4 | Mennen Sport Talc | 11.00 |
| 2 | Barber Combs | .80 |
| *2 | African Pride Hair Grow | 12.50 |
| ② | Ankle Brace | 16.90 |
| ② | Nike Shoes | 130.00 |
| 1 | Head Band | 1.95 |
| 1 | Towel | 10.00 |
| 2 | Boxer Brief | 20.30 |
| *2 | Tube Shocks | 18.80 |
| 1 | Waist Trimmers | 9.50 |
| 1 | Thermal Top | 7.80 |
| 1 | Thermal Bottom | 7.80 |
| 2 | Gray Shorts | 28.60 |
| 1 | Nike Shower Shoe | 30.00 |
| 1 | Shower Shoe | 3.20 |
| 1 | Sweat Shirt | 15.60 |
| 1 | Sweat Pants w/Pockets | 19.50 |
| 1 | Microwave Bowl | 3.15 |
| 1 | 22 oz Cup | 1.85 |
| 1 | Gray Cap | 5.20 |

| Qty | Item | Price |
|---|---|---|
| 1 | MASTER LOCK | 6.10 |
| 1 | BEARD & MOUSTACHE TRIMMER | 26.00 |
| 2 | AAA BATTERIES | 4.40 |
| 1 | HEADPHONE (SHOCK WAVE) | 60.00 |
| 1 | RADIO (SONY) | 68.65 |
| 1 | PRAYER OIL | 4.95 |
| 2 | CARTON CIGARETTES | 42.00 |
| 1 | FINGER NAIL CLIPPER | .85 |
| 2 | TASTERS CHOICE | 13.90 |
| 1 | AA BATTERIES | 2.20 |
| 1 | MASTERS STUDY BIBLE | 100.00 |
| 1 | NELSON THOMAS STUDY BIBLE | 79.00 |
| 1 | NEW TESTAMENT COMMENTARY | 65.00 |
| 1 | OLD TESTAMENT COMMENTARY | 65.00 |
| 1 | UNGERS BIBLE DICTIONARY | 60.00 |
| 1 | TAPE OF ORAL ARGUMENTS | 50.00 |
| 30 | PICTURES | 200.00 ? |

TOTAL    1,239.65

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY PINKNEY,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-2347 (HHK)<br>) (ECF)<br>)<br>)<br>)<br>)<br>) |

### ORDER

UPON CONSIDERATION of the Defendants' Motion To Dismiss, support thereof, the grounds stated therefore and the entire record in this matter, it is by the Court this _____ day of _____, 2006, hereby

ORDERED that the said motion be and hereby is granted, and

FURTHER ORDERED that this case is dismissed with prejudice.

This is a final and appealable order.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

John F. Henault
Assistant United States Attorney
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530

Tracy Pinkney
#R12085-007
Hazelton USP
P.O. Box 2000
Bruceton Mills, WV 26525