UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY PINKNEY, )<br>)<br>Plaintiff )<br>)<br>) Civil Action No. 05-2347 (HHK)<br>v. ) (ECF)<br>)<br>UNITED STATES OF AMERICA, et al. )<br>)<br>Defendants. )<br>) | |

### DEFENDANTS' MOTION TO STAY DISCOVERY

Federal defendants, the United States of America, the United States Department of Justice, the Federal Bureau of Prisons ("BOP"), and the four individual BOP defendants named in their official and personal capacities: Gerardo Maldonado, Former Warden of the United States Penitentiary in Atlanta, Georgia (USP Atlanta); Richard Craig, Correctional Counselor at USP Atlanta; Ronald James, Former Unit Manager at USP Atlanta; and Bruce Plumley, Former Inmate System Manager at USP Atlanta, hereby move this Court to stay discovery in this case. Plaintiff, *pro se*, alleges constitutional violations under Bivens against the individual defendants in their official and individual capacities.[1]

Plaintiff filed his complaint on December 8, 2005 along with a Request for Production of Documents a Motion for Discovery on November 30, 2005. Defendants' answer or dispositive motion is due on March 13, 2006. Defendants intend to file a motion to dismiss in this case on March 13, 2006 asserting numerous defenses, including but not limited to, qualified immunity.

---

[1] By way of this motion to stay discovery, the individual federal defendants submit that they have not waived any defense or defenses available to them under Fed. R. Civ. P. 12 or otherwise, including immunity from suit.

Discovery is premature at this time. The Supreme Court has consistently cautioned that courts handling Bivens cases should resolve issues of qualified immunity before allowing any discovery. See, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982). Resolving the immunity issues first allows insubstantial Bivens claims to be terminated quickly, thus effectuating the immunity protection of the individuals. See Butz v. Economou, 439 U.S. 478, 507-508 (1978). Because plaintiff is incarcerated, and is proceeding *pro se*, Local Rule 7(m) does not apply to this motion, and Defendants therefore have not obtained his position as to the relief requested.

## ARGUMENT

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. See Fed. R. Civ. P. 26(c); see, e.g., Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984).

It is entirely appropriate for a Court to stay discovery, where there is a dispositive motion pending because it is logical that

> when, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions.

O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); see also Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction).  Further, where, as here, one or more issues may be dispositive of a case, it is proper to stay discovery on other issues until the dispositive issue or issues have been decided.  See, e.g., Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved).

     In Bivens litigation in particular, it is a commonplace to stay discovery until the qualified immunity claims have been resolved.  E.g., Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982).  As the Supreme Court recognized, qualified immunity "is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Importantly, the Supreme Court has long admonished that the question of qualified immunity "should be resolved at the earliest possible stage of a litigation."  Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987).

Critical for present purposes, the Supreme Court has cautioned that until the "threshold immunity question is resolved, discovery should not be allowed." Harlow, 457 U.S. at 818. As the Supreme Court later emphasized, "[u]nless the plaintiff's allegations state a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526.

Indeed, our Court of Appeals issued a stay of proceedings and a writ of mandamus in a case in which the District Court had ordered an evidentiary proceeding prior to resolving the qualified immunity issues before it. See., Fludd v. United States Secret Service, 771 F.2d 549 (D.C. Cir. 1985). In that case the plaintiff contended that the individual defendants, agents of the United States Secret Service, had violated his Fourth Amendment rights in their service of a subpoena for a handwriting exemplar on him. Id. at 550. After the individual defendants moved to dismiss or for summary judgment on qualified immunity grounds, this Court deferred resolution of the qualified immunity issue. Id. at 552. Instead of ruling on immunity first, the Court ordered a factual hearing on the authority of the property owner to give consent to enter. Id. When the Court declined to reconsider its decision to hold an evidentiary hearing before resolving qualified immunity, the D.C. Circuit issued a writ of mandamus directing the cancellation of the evidentiary hearing. Id.

In explaining its decision to issue the extraordinary writ, the D.C. Circuit relied heavily on the Supreme Court's then "recent" pronouncement in Harlow. 771 F.2d at 552. The D.C. Circuit quoted Harlow extensively, including the passage noting that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." 771 F.2d at 553, quoting 457 U.S. at 818. Although the court observed that an evidentiary hearing is not always forbidden, it

4

issued the writ because this Court had "exceeded the permissible limits of such a hearing." 771 F.2d at 554.

With this backdrop, defendants seek a stay of all discovery proceedings until this Court rules on defendants' dispositive motion and addresses their entitlement to qualified immunity.

        Respectfully submitted,

        ___/s/_____
        KENNETH L. WAINSTEIN, D.C. BAR # 451058
        United States Attorney

        ___/s/_____
        R. CRAIG LAWRENCE, D.C. BAR # 171538
        Assistant United States Attorney

        ___/s/_____
        JOHN F. HENAULT, D.C. Bar # 472590
        Assistant United States Attorney
        Judiciary Center Building
        555 4th Street, N.W. – Civil Division
        Washington, D.C.  20530
        (202) 307-1249
        (202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _____ day of March 2006, I caused the foregoing motion to be served on plaintiff *pro se* and addressed as follows:

Tracy Pinkney
#R12085-007
Hazelton USP
P.O. Box 2000
Bruceton Mills, WV 26525


\_\_\_/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney