UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRACY PINKNEY<br>PLAINTIFF,<br><br>VS<br><br>UNITED STATES OF AMERICA (ETAL)<br>DEFENDANTS. | | CIVIL ACTION NO. 05-2347 (HHK) |

### OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND OR FOR SUMMARY JUDGMENT

NOW COMES PLAINTIFF, TRACY PINKNEY, pro-se respectfully moves this Honorable Court in Opposition to Defendants to Dismiss pursuant to the Federal Rules of Civil Procedures Rule 12; Rule 56(c) for Summary Judgment. As grounds for this is stated below:

### INTRODUCTION:

TRACY PINKNEY AKA PAUL W PINKNEY is a District of Columbia prisoner sentenced in the Superior Court register number 208872 currently housed under the authority of the Attorney General in the Federal Bureau of Prisons 12085007 and previously confined at USP Hazelton, Bruceton Mills WV. Brings this action through the statutory

RECEIVED
MAR 2 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

provisions of 28 U.S.C. 2672, 2680 et seq and 28 USC 1331 TORT/BIVENS, which incorporate the code of federal regulation that governs program statements in this case. THE RELIEF sought IN Compensatory, Punitive and future Damages for (40) Forty Million dollars and well as (5) Five thousand dollars from United States of America, United States Justice Department, Federal Bureau of Prisons (BOP); GERARDO MALDONADO (Former Warden USP Atlanta); Bruce PLUMLEY (Former Inmate System Manager USP ATLANTA); RONALD JAMES (Former Unit Manager USP Atlanta); Richard CRAIG (Correctional Counselor USP Atlanta) are being sued in their Official and Individual capacity.

I. SUBJECT MATTER JURISDICTION

On September 7, 2004, Honorable Judge Judith Bartnoff issued a court order permitting plaintiffs legal materials to be transported to the District of Columbia for plaintiffs remand hearing (SEE EXHIBIT 1 COURT ORDER). At time of plaintiff's departure plaintiff took [ALL] property consisting of LEGAL AND PERSONAL PROPERTY to R&D or IMS in which he was meet by Bruce PLUMLEY who failed to inventory and secure plaintiffs LEGAL/PERSONAL PROPERTY. Subsequently my Attorney CARY CLENNON FAX the Federal defendants on September 10, 2004 and call the defendants inquiring as to the shipment of

plaintiff legal materials concerning plaintiffs criminal conviction hearing, their attorney filed an an affidavit on January 26, 2005 (SEE EXHIBIT 2.) detailing events with additional attachments (A), (B) and (C) On September 27, 2004 hearing it was revealed the prosecutor had received plaintiffs legal materials in D.C. AUSA Michelle Jackson admitted that the boxes of legal materials were opened at her office (SEE EXHIBIT 3, Transcripts) The prejudice caused by defendants acts of omissions viewed as negligence, deliberate indifference infringed consent to litigating my constitutional violation on my criminal conviction which condemned plaintiff for life.

Additionally, G. Maldonado (Warden USP Atlanta) acknowledged reciept of the court order on November 11, 2004 (SEE EXHIBIT 4) while plaintiff was on writ at the D.C. Jail, Plaintiff wrote a Freedom of Information Act requesting the release of the court order fax to R. James (SEE EXHIBIT 5) dated September 23, 2004 On December 30, 2004 R. James acknowledged plaintiffs family member calling inquiring about plaintiffs property missing and to file a TORT CLAIM (SEE EXHIBIT 6) Also plaintiff has filed numerous appeals for documentations substantiate plaintiff claim for loss of property (SEE EXHIBIT 7 REQUESTS/APPEALS) Plaintiff obtain an Affidavit from a Marvin Wright the day of September 7, 2004 whom witnessed and carried plaintiffs property left with B. Plumley

-4-

(SEE EXHABIT 8 AFFIDAVIT)

Supreme Court decisions have recognized jurisdiction on the basis of alleged constitutional violations, including alleged constitutional violation DAVIS V. PASSMAN, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed. 2d 846 (1979) (claim which rests on due process clause of fifth amendment states a cause of action and invokes federal question jurisdiction)[1]. This constitution claim is not foreclose because congress provided a statutory remedy in the Federal Tort Claims Act. CARLSON V. GREEN, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed. 2d 15 (1980). Thus, defeates lack of subject matter jurisdiction under Rule 12(b)(1)

A. STANDARD OF REVIEW:

The party opposing a motion to dismiss or for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." ANDERSON v. LIBERTY LOBBY, INC., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986)(quoting FIRST NATIONAL BANK OF AMERICA v. CITIES SERVICE Co., 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed. 2d 569 (1968). If a fact bears upon an essential element of the legal claim (PRESENT OR FUTURE adequate litigation harmed in plaintiff's criminal conviction defense) then it is material;

---

[1] BIVENS V. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS, 403 U.S. 288, 91 S.Ct. 1999, 29 L.Ed. 2d 619 (1971)

otherwise, it is not. See Id. Ceotex Corp v. Catrett, 477 US 317, 322, 106 S.ct. 2548, 91 L.ed. 2d 265 (1986).

## II. PERSONAL JURISDICTION

28 U.S.C. 1331 Federal Question

The district court shall have original jurisdiction of all civil action arising under the Constitution, law, or treaties of the United States. The District Court for the District of Columbia can entertain the suit under both Federal Question Jurisdiction and the Federal Tort Claim Act. A Bivens action can be institute against individual defendants in violation of plaintiff's 5th, 6th and 14th amendment of the United States Constitution which violates due process, right to adequate counsel, equal protection, life, liberty and property. Because of the provision of personal jurisdiction under 28 USC 1331 supersede Rule 12(b)(2). The US Attorney having filed a motion to dismiss represents defendants in their official capacity WAIVED defendants rights to answer plaintiff's complaint under Rule 12(h) such motion is to be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 but counsel is infact trying to take (2)

two bits at the apple by stating that the (4) four defendant hasn't waived any rights in order to file additional pleadings representing the defendants in their individual capacity.

B. LIABILITY AND CONDUCT:

Elements for finding supervisor's liable as to (G. Maldonado, R. Jones, B. Plumley), including a showing that supervisor's "own" acts or omissions deprived plaintiff of protected rights, when FAXED each a copy of such court order and the mishandling of personal property that these acts or omissions were reckless or intential Correa v. Lopez Feliciano, 759 F.Supp 947, 954 (D.P.R. 1991). Due process impinged on by the defendants liability is sufficient to support a claim that these violation took place with (R. Craig) authorization, approval or encouragement. Turpin v. Mailet, 619 F.2d 196, 201 (2d Cir), cert denied, 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed. 2d 475 (1980).

III. PROPER VENUE

28 U.S.C. § 1391(b),(c)

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may,

except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff has provided evidence that at the time a substantial part of the events or omissions giving rise to plaintiff claim was that (1) The COURT ORDER was issued from the Superior Court for the District of Columbia (2) Upon transferred to the District of Columbia Jail plaintiff was HOUSED in the District of Columbia (3) When plaintiff substantial part of property, mailed and OPENED in the District of Columbia (4) All plaintiff WITNESSES[2] are located in the District of Columbia (5) Where INJURY was caused in the Judicial District of Columbia (6) Plaintiffs court RECORDS [SENTRY Public Information Data] (7) A MINIMUM CONTACT to the BOP employee's and principle business in District of Columbia

(C) For purposes of venue under the chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time

---

2. See plaintiff's witness list located in plaintiff's initial disclosure motion

the action is commenced.

The United States of America, U.S Department of Justice and the Federal Bureau of Prisons are corporate entities. Mouzavires

In Mouzavires v. Baxter, 434 A2d 988 (D.C. App 1981) The harm complained of in those cases occurred in the District of Columbia, so that the exercise of in personam jurisdiction, even though it was exercised, as in Mouzavires, on the basis of a phone call made from outside the District was consistent with the general rule that jurisdiction will lie where the act complained of or the harm suffered occurred. Also see Station v. Gorley 740 F.Supp 303. Plaintiffs tortuous injury occurred when his mailed legal material was OPENED in the District of Columbia prosecutors office were plaintiff suffered the prejudice, DEFEATS RULE 12(b)(3) FOR VENUE.

International Shoe Co. v. Washington, supra, the Supreme Court held:

> due process requires only that in order to subject a defendant to a judgment <u>in personam</u>, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice" 326 US at 316, 66 S.Ct at 158

---

3. D.C. Code § 13-423, the "LONG ARM" statute does apply here.

## C. QUALIFIED IMMUNITY:

Determination for immunity is a threshold question to resolve whether defendants are immune from suit rather than immunity from damages. See Siegert v. Gilley — U.S. —, — 111 S.Ct. 1789, 1793, 94, 114 L.Ed. 2d 277 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed. 2d 411 (1985); Harlow v. Fitzgerald, 457 U.S. 800, 817-18, 102 S.Ct. 2727, 2737-38, 73 L.Ed. 2d 396 (1982). A court as certain first the violation of a constitutional right by legible instructions, (property to be sent in care of Warden D.C. Jail) determine that right had been clearly establishes so that a reasonable official in the defendant's situation would have understood that his conduct violated that right. Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed 2d. 523 (1987); cf. Harlow, 457 U.S. at 818-19, 102 S.Ct. at 2738. Supreme Court held that while qualified immunity protects officers who comply with an objectively reasonable view of the law it affords no protection against claims under clearly established law that entail the subjective element of improper intent (Crawford-El 523 U.S. at 593-94).

## IV. PROCESS OF SERVICE

F.R.C.P., RULE 4(c)(2)

(2) Service may be effected by any person

who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when plaintiff is authorized to proceed in forma pauperis pursuant to 28 USC § 1915 or is authorized to proceed as a seaman under 28 USC § 1916.

Which defeats RULE 12(b)(4) for complaint service by whom.

## V. STATING A CLAIM

28 USC. 2680(h), The effect of this provision is to deprive the Federal Government of the defense of sovereign immunity in cases in which Federal Law enforcement agents, acting within the scope of their employment, or under color of Federal law, committing any tort; ... furthermore, this provision should be viewed as a counter part to the Bivens case and its progenty (sic) in that it waiver the defense of sovereign immunity so as to make the Government independently liable in damages for the same type of conduct that is alleged to have occurred in Bivens (and for what case imposes liability upon the individual government officials involved).

The 1974 provision to § 2680(h) represent a substantial expansion of the United States liability for the torts of its employees. But even more substantial expansions may soon be enacted. The executive and the Congress appear to be moving in the direction of holding the government financially liable for all torts of its employees, rather than requiring those employees to undergo the financial risks and personal trauma of extended lawsuits for acts committed in the course of their which harm or injure innocent citizens. In the two past Congresses the administration has advocated proposals to make the United States exclusively liable for almost all constitutional and other torts committed by its employee. SEE H.R. 9219, 95th Cong., 1st Sess. (1977), H.R. 2659, 96th Cong., 1st Sess., (1979); S.695, 96th Cong., 1st Sess.

Agents and agencies to the United States of America, et al. are considered Law Enforcement officers, the defendants (B.O.P) needs to obtain legal material/personal property through seizing or destroying said property, cause damages for any FUTURE DEFENSE in plaintiff's criminal conviction litigation, waives sovereign immunity and ultimately defeats Rule 12(b)(6).

## CONCLUSION

Plaintiff, TRACY PINKNEY, respectfully request that this HONORABLE COURT SHOULD GRANT plaintiff motion for SUMMARY JUDGMENT and reasons previously presented by plaintiff JURISDICTION/VENUE is in its proper forum.

Respectfully Submitted

*Tracy Pinkney*
TRACY PINKNEY

# CERTIFICATE OF SERVICE

I hereby, TRACY PINKNEY, certify that a copy of the foregoing motion (OPPOSITION TO DEFENDANTS MOTION TO DISMISS AND OR SUMMARY JUDGMENT) was mailed first-class prepaid mail to:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE NW
WASHINGTON, DC, 20001

KENNETH WAINSTEIN
UNITED STATES ATTORNEY
555 4TH STREET NW CIV DIV
WASHINGTON, DC. 20530

ON this 17 day of March 2006.

Sincerely

Tracy Pinkney