UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRACY PINKNEY, | ) |
|       Plaintiff | ) |
| v. | ) Civil Action No. 05-2347 (HHK)<br>) (ECF) |
| UNITED STATES OF AMERICA, et al. | ) |
|       Defendants. | ) |

**<u>DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>**

Federal defendants, the United States of America, the United States Department of Justice, the Federal Bureau of Prisons ("BOP"), and the four individual BOP defendants named in their official and personal capacities: Gerardo Maldonado, Richard Craig, Ronald James, and Bruce Plumley,[1] by and through their undersigned counsel, respectfully submit a Reply in support of Defendants' Motion to Dismiss or in the Alternative, To Transfer. ("Def's. Motion").

Plaintiff's opposition, in summary, argues that (1) this court has subject matter jurisdiction under the FTCA, (Pl.'s Opp'n at 4); (2) that the U.S. Attorney waived defendants' personal jurisdiction via its Motion to Dismiss, (Pl.'s Opp'n at 5); (3) that venue is proper in the District of Columbia because some of the alleged acts occurred in the District of Columbia jail and because the DOJ and BOP are "corporate entities", (Pl.'s Opp'n at 7-8); (4) that defendants are not entitled to qualified immunity, (Pl.'s Opp'n at 9); and (5) that plaintiff properly served the

---

[1] Defendants Maldonado, Craig, James, and Plumley appear in their official capacities only. They have not been served personally and, hence are not parties in their personal capacity at this time; consequently, defendants should be deemed to preserve all defenses available to them, including insufficiency of service of process and immunity from suit.

individual defendants, (Pl.'s Opp'n at 9-10).  Finally, plaintiff suggests that the Court should grant his "Motion for Summary Judgment."  Plaintiff fails to recognize that he has not filed a motion for summary judgment with this court.

Furthermore, plaintiff has provided no evidence to rebut defendants' arguments that his complaint suffers from numerous fatal deficiencies.

### A. This Court Lacks Personal Jurisdiction Over the Individual Defendants

Plaintiff essentially claims that the Court has personal jurisdiction over the individual defendants because the U.S. Attorney filed a motion to dismiss on behalf of all defendants, in their official capacity only.  Pl.'s Opp'n at 5.  However, the Court can only assert personal jurisdiction over the individual defendants if permitted under District of Columbia law.  Crane v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1987).  As fully explained in Defendants' Motion to Dismiss, the District of Columbia long-arm statute and the Due Process Clause requirements are not met in this case for any of the defendants.

Because Bivens suits are brought against government officials in their individual, rather than official capacities, personal jurisdiction over the individual defendants is required to maintain a Bivens claim.  See Robertson v. Merola, 895 F. Supp. 1, 3 (D.D.C. 1995); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 52 (D.D.C. 1995), aff'd, 93 F.3d 986 (D.C. Cir. 1996).

In the instant case, plaintiff's complaint and opposition do not establish proper personal jurisdiction in the United States District Court for the District of Columbia under the long-arm statute, D. C. Code § 13-423.  Crane v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1987).  The defendants are obviously outside the "long arm" of this statute.  They do not reside in the District of Columbia, they have not transacted business in the District of Columbia, they have not contracted to supply services in the District of Columbia, and they have not caused any tortuous

injury in the District of Columbia. Therefore, there is no basis for this Court to assert personal jurisdiction over any of the defendants.

> **B.    Plaintiff Has Not Perfected Service Against the Individual Federal Defendants**

Plaintiff has failed to perfect service on the individually-sued defendants. Because Bivens suits are suits against government officials in their individual, rather than their official capacities, personal jurisdiction over the individual defendants is a necessary prerequisite for this Court to entertain a Bivens claim against them. See Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 52 (D.D.C. 1995); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Id. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); See also Stafford v. Briggs, 444 U.S. 527 (1980).

In this case, plaintiff served the individual defendants at their place of employment, not with someone authorized to accept service for them in their individual capacities. Service at the defendants' place of employment is not proper service. Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action cannot proceed against them individually and all claims against the defendants should be dismissed.

      C.      **Defendants Have Not Waived Personal Jurisdiction**

Rule 12(b) gives a defendant the option to assert jurisdictional objections by motion in advance of answer. Chase v. Pan-Pacific Broadcasting, Inc., 750 F.2d 131 (D.C. Cir. 1984), on remand, 617 F. Supp. 1414 (D.D.C. 1985). It was a central purpose of Rule 12(b) to do away with the necessity for a "special appearance" by a defendant who sought to present a personal jurisdiction challenge. See Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 874 (3d Cir.), cert. denied, 322 U.S. 740 (1944); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1362, at 648 (1969). "No defense or objection," Rule 12(b) informs, "is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Chase at 133. The purpose of requiring all jurisdictional defenses to be raised promptly is to eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before consideration of the merits. Rule 12, Fed.R.Civ.P.

While normally raised in a party's answer or by motion, defendants wishing to raise lack of personal jurisdiction or improper venue must do so "in their first defensive move," which may or may not be the filing of an answer or a motion to dismiss. Barnstead Broadcasting Corp. v. Offshore Broadcasting, 869 F. Supp. 35 (D.D.C. 1994); Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment Fund, 967 F.2d 688, 691-92 (1st Cir. 1992); See also Wyrough &

Loser, Inc. v. Pelmor Laboratories, Inc., 376 F.2d 543 (3d Cir. 1967); Backo v. Local 281, United Brotherhood of Carpenters and Joiners, 308 F. Supp. 172, 176 (N.D.N.Y. 1969), aff'd, 438 F.2d 176 (2d Cir. 1970).  The fact that the U.S. Attorney's Office for the District of Columbia filed a motion to dismiss the defendants from this case is not a waiver of personal jurisdiction against the individual defendants.

        D.       **The Case Must Be Dismissed or Transferred for Improper Venue**

Plaintiff has provided no evidence that any of the federal defendants reside in the District of Columbia, none of the events giving rise to the claim occurred within the District of Columbia, and plaintiff does not reside in the District, therefore, venue is improper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and Meyer v. Reno, 911 F. Supp. 11, 15 (D.D.C. 1996).  Plaintiff's complaint involves allegations related to his personal property that took place in Georgia, not in the District of Columbia.  This case should therefore be dismissed under Rule 12(b)(3), Federal Rules of Civil Procedure.

Furthermore, authority cited by the plaintiff is easily distinguishable.  In Mouzavires v. Baxter, 434 A.2d 988 (D.C. 1981), the court cites the relevant long-arm statute requirements of D.C. Code § 13-423 (2000).  Additionally, the court goes on to find personal jurisdiction based on the fact that plaintiff had solicited a District of Columbia attorney to perform work in major part in the District of Columbia and that the contract between parties was executed and performed in significant part in the District.  Such extensive contacts are not present in this case.  Plaintiff's second case cited is illegible and not a correct authority as written.

Finally, plaintiff alleges that the Court has jurisdiction under 28 U.S.C. § 1391(c), which relates to corporations.  The United States Government and the Federal Bureau of Prisons are not corporations under this section of the venue statute.

### E. Defendants Are Entitled to Qualified Immunity

Plaintiff is seeking monetary damages against the individual defendants. Qualified immunity, however, shields government officials from suit in performance of a discretionary function unless that official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In his opposition, plaintiff attempts to provide the court with case law regarding qualified immunity. Plaintiff fails, however, to provide any evidence that defendants violated a clearly established constitutional or statutory right of which a reasonable person would have known.

### Conclusion

Because venue in this court is improper, the Court lacks personal jurisdiction over any of the individual defendants, and defendants have not been properly served in their individual capacities, the Court should dismiss this action due to fatal procedural flaws. Plaintiff has presented no evidence to overcome the numerous deficiencies in his complaint.

Respectfully submitted,

　/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

　/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

　/s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## **CERTIFICATE OF SERVICE**

_____I certify that on the 27th day of March, 2006, I served a copy of the foregoing by first-class mail, postage prepaid on:

Tracy Pinkney
#R12085-007
Hazelton USP
P.O. Box 2000
Bruceton Mills, WV 26525

                                                    \_\_\_\_/s/_____
                                                    John F. Henault
                                                    Assistant United States Attorney