UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY,

        Plaintiff,

v.

UNITED STATES OF AMERICA *et al.*,

        Defendants.

Civil Action 05-2347  (HHK)

**MEMORANDUM AND TRANSFER ORDER**

This matter is before the Court on defendants' motion to dismiss or to transfer venue, which plaintiff has opposed. Plaintiff is currently confined at the Hazelton United States Penitentiary in West Virginia. He sues the United States, the warden of the United States Penitentiary in Atlanta, Georgia, and several employees at USP Atlanta for the alleged mishandling of his personal property during his transfer from USP Atlanta to appear in the Superior Court of the District of Columbia. Plaintiff invokes the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He seeks damages exceeding $10 million. Defendants assert among other grounds for their motion that this venue is improper for litigating plaintiff's claims. They are correct. Rather than dismiss the case, however, the Court finds it in the interest of justice to transfer it to the appropriate judicial district in Georgia.

Under the FTCA, "[a]ny civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Moreover, any claims against the Georgia-based defendants are properly litigated in the judicial district where they are located or where a substantial part of the events are alleged to have occurred. *See* 28 U.S.C. § 1391(b). The events forming the basis of the complaint stem from the alleged wrongful acts of the Georgia defendants. Contrary to plaintiff's assertions in his opposition, the fact that the defendants' acts were triggered by an order issued by the Superior Court of the District of Columbia, or that he discovered the omissions while confined at the D.C. Jail, Pl.'s Opp. at 6-7, does not establish this judicial district as the proper venue for litigating either his FTCA or *Bivens* claim. Accordingly, it is

ORDERED that defendants' motion to dismiss or to transfer [Dkt. # 15] is GRANTED in part; and it is

FURTHER ORDERED that pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the United States District Court for the Northern District of Georgia..

                                                    _____s/_____
                                                    Henry H. Kennedy, Jr.
                                                    United States District Judge

Date: April 5, 2006